JOHN S. LEONARDO
United States Attorney
District of Arizona
JOSH A. C. ACKERMAN
Assistant U.S. Attorneys
Arizona State Bar No. 020088
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: josh.ackerman@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 15-00230-TUC-JGZ(JR) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Robert Evan Butcher, JR. | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count 3 of the Indictment charging the defendant with 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(B)(iii), and 1324(a)(1)(B)(iv), 1324(a)(1)(B)(i), Transportation of Illegal Aliens Wherein the Aliens' Life Was Placed in Jeopardy and During Which Death Resulted.

## ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

1. The defendant knew or was in reckless disregard of the fact that certain aliens, including Efrain Renteria-Zermeno and Javier Espinosa-Burgos, had come to, entered, or remained in the United States in violation of law.

2. The defendant knowingly transported or moved such aliens, including, within the United States by means of transportation or otherwise in order to help such aliens remain in the United States illegally.

1     3. During and in relation to the transportation of the aliens, the defendant placed in jeopardy the lives of said aliens.

    4. During and in relation to the transportation of the aliens, United States Citizen, G. B., died and that the defendant's transportation of the illegal aliens was the proximate cause of the serious bodily injury and death; that is the serious bodily injury and death was a foreseeable result of the defendant's transportation.

### STIPULATIONS, TERMS AND AGREEMENTS

#### Maximum Penalties

A violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(B)(iii), and 1324(a)(1)(B)(iv) is punishable by a maximum fine of $250,000.00, or a maximum term of life imprisonment, or both, plus a term of supervised release of five years and a special assessment of $100 (for each count); the special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

The defendant will pay upon conviction an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014(a), unless the Court determines that the defendant is indigent.

#### Agreements Regarding Sentence

1. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant stipulate and agree that **3 ½ years (42 months) to 5 years (60 months) imprisonment** is an appropriate disposition for this case.

Furthermore, the defendant agrees to make **restitution to all the victims** listed in the Indictment, including all the victims named in the dismissed counts of the Indictment. The Indictment that will be dismissed at the time of sentencing, if the defendant is sentenced in accordance with this plea agreement.

//

2. The defendant may withdraw from the plea agreement if he receives a sentence that exceeds the stipulated sentencing range of **3 ½ years (42 months) to 5 years (60 months)** of imprisonment. Also, the government may withdraw from the plea agreement if the defendant receives a sentence that is less than **3 ½ years (42 months)** of imprisonment.

3. The defendant agrees and understands that he may not make a motion for or move for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines nor may he apply for or request any variances to his sentence that will get him outside the stipulated sentencing range of 3 ½ to 5 years of imprisonment. If the defendant moves for or requests any "departures" or variances that will get him outside of the stipulated sentencing range, the government may withdraw from this agreement.

4. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Fed. R. Crim. P. 11(c)(5), it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea and the government an opportunity to withdraw from the plea agreement.

5. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his defense attorneys. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

//

6. The government will move to dismiss the remaining counts of the Indictment at the time of sentencing.

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contained all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is the agreed upon stipulated sentence. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (4) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of

//

"prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentence set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

//

### Effect on Other Proceedings

I further understand that if I violate any of the conditions of my supervised release, my supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

### WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

//

I am satisfied that my defense attorneys have represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## FACTUAL BASIS AND SENTENCING FACTOR

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

I, **Robert Evan Butcher**, on or about January 8, 2015, at or near Three Points, Arizona, was the passenger in a blue Chevrolet Impala traveling northbound on Sierrita Mountain Road. The driver was **William Ken Huebbe**. We were smuggling two illegal immigrants, Efrain Renteria-Zermeno and Javier Espinosa-Burgos in the Impala. It was our intention to further their attempt to enter the United States without inspection.

While we were northbound on Sierrita Mountain Road, Border Patrol agents started to follow us. In order to escape from Border Patrol, **Huebbe** accelerated to a high rate of speed. Border Patrol caught up to us a few minutes later, after we collided head-on with a white Ford station wagon. We fled on foot into the desert nearby. Border Patrol agents tracked and apprehended us fleeing the scene of the accident.

Two individuals from the white Ford station wagon suffered serious injuries as a result of the collision and were transported to the hospital. United States citizen, G. B., the passenger in the white Ford station wagon, later died as a result of the injuries sustained from the collision.

Border Patrol also apprehended two additional subjects at the scene of the accident, later identified as material witnesses Efrain Renteria-Zermeno and Javier Espinosa-Burgos. Both material witnesses admitted they were not citizens or nationals of the United States and did not possess documents to be in the United States legally. The material witnesses stated that they were going to pay a smuggling fee. The material witnesses further stated after crossing into the United States from Mexico they were instructed to wait for a blue car which picked them up after several hours of waiting.

The material witnesses described the driver and passenger as two white males in black hats who picked them up and told them to get into the back seat. Javier Espinosa-Burgos stated that the front seat passenger made the material witnesses hide on the rear floorboards. The material witnesses noticed the vehicle accelerated to a high rate of speed and minutes later they crashed into another vehicle. The material witnesses stated that both the driver and passenger got out of the vehicle and fled.

Efrain Renteria-Zermeno identified **William Ken Huebbe**, as the driver of the vehicle and **Robert Evan Butcher** as the passenger of the vehicle through photo lineup and as being the two men in black hats who picked them up. The physical description of the front seat passenger, given by Javier Espinosa-Burgos matched **Robert Evan Butcher**. Lastly, during an interview with the Pima County Sherriff's Department, **Robert Evan Butcher** also identified himself as the passenger.

Date: 3/16/16

Robert Evan Butcher
Defendant

### DEFENSE ATTORNEYS' APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

~~I translated or caused to be translated this agreement from English into Spanish to the defendant on the _____ day of _____, 2016.~~

Date: 3/16/16

Benjamin Singerman, Esq.
Attorneys for Defendant

//

- 8 -

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

Date: 3/16/16

*/s/ JACA*

JOSH A. C. ACKERMANN
Assistant U.S. Attorney